UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                            **Hon. Hugh B. Scott**

                                                            09CR103S

                     v.                                          **Decision**
                                                                                 **&**
                                                                              **Order**

Joshua Figueras,

                  Defendant.

      The defendant has made an oral motion on March 30, 2009 seeking copies of recorded conversations and surveillance tapes involving the defendant. The Court directed the parties to submit legal memoranda on the issue by April 14, 2009. The government seeks a protective order, asserting that production of the audio recordings would pose a danger to the safety of the government's confidential informants. Instead of producing the audio tapes, the government proposes to produce a transcript of the recordings. The government would agree to produce copies of the actual audio recordings approximately 30 days before trial. (Docket No. 7 at page 6).

      As an initial matter, it is undisputed that the tapes are generally discoverable under Rule 16. Rule 16(a)(1)(B) states that on the request of the defendant, "the government must disclose to the defendant, and make available for inspection and copying . . . any relevant . . . recorded statement by the defendant" if the statement is in the government's possession. However, Rule

1

16(d)(1) provides a court with the authority to defer inspection or discovery. Rule 16(d)(1) provides:

> At any time the court may, for good cause shown, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*. If relief is granted, the court must preserve the entire text of the party's statement under seal.

In the instant matter, the government seeks a protective order on the grounds that the production of the actual audio tapes would reveal the identity of the confidential informants. Further, the government contends that this case is "associated" with other prosecutions arising out of Niagara Falls, New York, involving narcotics trafficking and firearm offenses. The government maintains that a defendant in one associated case agreed (in a recorded conversation) to kill two people for $6000 or a car, and that the defendant in that case sold the government's confidential source a sawed-off shotgun. (Docket No. 7 at page 2, n.1). Further, the government states that its concern in this case is heightened due to the drug-related nature of the case, the fact that a rifle and numerous rounds of ammunition[1] were seized from the defendant's residence, and that if convicted of the charges in the Indictment the defendant would face a mandatory term of life imprisonment. (Docket No. 7 at page 3).

The Supreme Court has held that in construing the government's obligations under Rules 16 and 17 of the Federal Rules of Criminal Procedure, the Court should "be solicitous to protect against disclosures of the identity of informants ... ." Bowman Dairy Co. v. United States, 341

---

[1] The government states that the ammunition seized from the defendant's residence included ammunition for a .38 special, .40 caliber and .380 caliber weapons. The government contends that the presence of such ammunition suggests that the defendant has access to weapons other than the .22 caliber rifle seized from the residence. (Docket No. 7 at page 3, n.2).

U.S. 214, 221 (1951). This is consistent with the protection provided to government witnesses under the Jencks Act, 18 U.S.C. § 3500. The purpose of this protection is to safeguard witnesses from possible reprisals, and thus, is consistent with the "strong public interest in encouraging the free flow of information to law enforcement officers" used to justify secreting informants' identities. See <u>United States v. Ciambrone</u>, 601 F.2d 616, 626 (2d Cir.1979); <u>United States v. Tucker</u>, 380 F.2d 206, 213 (2d Cir.1967). See also <u>United States v. Nava-Salazar</u>, 30 F.3d 788 (7th Cir. 1994)(delay in providing discoverable information to the defendant was justified to protect investigation and safety of informants based upon *ex parte* submissions to the Court pursuant to Rule 16(d)(1)).

    In the instant case, the government has articulated a sufficient basis for the Court to conclude that disclosure of the identity of the confidential informant, at this time, would pose a threat to that individual. Under the circumstances, the production of the transcripts of the audio recordings containing the statements of the defendant, and the context of those statements by including the transcript of others recorded in the conversation, allows the defendant to adequately prepare for trial in this matter while protecting the identity and safety of the government's confidential informants. The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 60-61 (1957); <u>United States v. Saa</u>, 859 F.2d 1067, 1073 (2d Cir.) <u>cert. denied</u> 489 U.S. 1089 (1988). Rule 16 does not require the government to disclose the names of witnesses prior to trial. <u>United States v. Bejasa</u>, 904 F.2d 137, 139 (2d. Cir.) <u>cert. denied</u> 498 U.S. 921 (1990). It is sufficient that the audio recordings be produced prior to trial, along with the "3500" material as directed in the trial order issued by the District Court Judge in this case.

Based on the above, the government shall produce a copy of the transcript of the audio recordings including the statements of the defendant with the confidential informants as soon as practicable. The government shall produce copies of the audio recordings at least 30 days prior to trial in this case or as directed by the presiding District Court Judge.

So Ordered.

/s/ Hugh B. Scott  
United States Magistrate Judge  
Western District of New York

Buffalo, New York  
May 14, 2009