UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              **Hon. Hugh B. Scott**

                              09CR103S

           v.                        **Report & Recommendation**

Joshua Figueras,

            Defendant.

Before the Court is the defendant's omnibus motion seeking various forms of pretrial relief (Docket No. 11).[1]

**Background**

On March 26, 2009, the Grand Jury for the Western District of New York indicted the defendant, Joshua Figueras ("Figueras") asserting that on various occasions he possessed cocaine with the intent to distribute [Counts 4-5] and distributed cocaine [Counts 1-3] in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), 841(a)(1)(B), 841(b)(1)(C), and 844(a). The indictment also charges that Figueras illegally possessed a firearm in furtherance of the alleged drug trafficking in violation of 18 U.S.C. §924(c) [Count 6], and that he illegally possessed various firearms and

---

[1] The discovery issues raised in the motion are the subject of a separate Decision & Order.

ammunition in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2) [Count 7]. Finally, the indictment includes a forfeiture charge relating to the firearms and ammunition [Count 8].

**Motion to Suppress**

The defendant seeks to suppress evidence obtained from him during a search of 463 Third Street, Apt. 3, Niagara Falls, New York. (Docket No. 11 at ¶ 47). The defendant acknowledges that he was lawful occupant of the residence, and thus, has standing to challenge the search. (Docket No. 11 at ¶ 48). A search warrant was issued by this Court on March 11, 2009, authorizing the search of the Third Street apartment. The search warrant provided that the officers could search for controlled substances and items associated with the distribution of drugs. The government asserts, and the defendant does not dispute, that at the time of the search the officers also possessed a warrant for the arrest of Figueras. (Docket No. 12 at page 11).

The defendant asserts that the search warrant application was insufficient because "there is no information regarding the criminal conduct of any of the CIs [confidential informants]" who provided the information upon which the application was based. (Docket No. 11 at ¶ 51). Further, Figueras argues that the affidavit does not describe how CI#3 was aware that Figueras lived in Apt. 3 at 463 Third Street. (Docket No. 11 at ¶ 52). The defendant also contends that the search warrant application materials doe not demonstrate that certain controlled purchases were recorded. (Docket No. 11 at ¶¶ 53-54). Finally, the defendant contends that the information in the search warrant application was stale and that the warrant was overbroad. (Docket No. 11 at ¶¶ 55-59).

The defendant does not identify, with any specificity, the evidence sought to be

2

suppressed. As an initial matter, because the officers arrested Figueras pursuant to an arrest warrant, any evidence seized from his person would have been obtained from a search incident to the arrest. The government contends that the search warrant was based upon information from CI#2, CI#3 and CI#10. The affidavit of Christopher P. Clark ("the Clark Affidavit") incorporated into the search warrant application (which is also attached to the criminal complaint filed in this matter [Docket No. 1]), adequately sets forth information attesting to the reliability of the three relevant CIs: with respect to CI#2 (¶¶ 8-9); CI#3 (¶¶ 10-11) and CI#10 (¶¶ 26-28). The Clark Affidavit advised the Court that "[e]ach of the CIs was himself or herself involved in illegal activity, was caught doing so, and agreed to both engage in the undercover activity outlined herein and to testify in the hopes of, other things, not being charged, but in most cases of receiving charging and sentencing considerations." (Clark Affidavit, Docket No. 1 at ¶ 4). The defendant has not set forth authority which would require the government to provide the Court with a detailed criminal history of each of the CIs who provide information upon which a search warrant application is based. To the contrary, information from a confidential informant may be sufficient to support a finding of probable cause if the informant has a history of providing reliable information, or if the information is at least partly corroborated, even if the informant's criminal history is not provided to the magistrate issuing the warrant. See United States v. Howard, 532 F.3d 755 (8th Cir. 2008) citing United States v. Williams, 477 F.3d 554, 559-60 (8th Cir.2007). See also United States v. Ellison, 2009 WL 1033314 (C.D.Cal. 2009)(The failure to do so does not negate a finding of probable cause, given the presumption of trustworthiness and the detailed information provided by the CI).

The search warrant application contains sufficient information relating to the knowledge

that Figueras resided in Apt. 3 at 463 Third Street. The Clark Affidavit states that CI#3 had identified a women named Sara McClellan as being Figueras' girlfriend and that McClellan lived with Figueras. Further, the application states that utility records reflect that McClellan lived in Apt. #3 at 463 Third Street. (Clark Affidavit, Docket No. 1 at ¶ 70). In addition, the search warrant application asserts that both CI#10 and CI#3 had made controlled buys of crack cocaine from Figueras from inside Apt. #3 at 463 Third Street. (Clark Affidavit, Docket No. 1 at ¶¶ 73-74). This information is sufficient to establish probable cause that Figueras lived in Apt. 3 at 463 Third Street.

The government admits that three of the five controlled purchases referred to in the search warrant application were not recorded. (Docket No. 12 at page 20). The government asserts, however, that the controlled buys were conducted after a pat down by the police, then observed by the police, and then followed by a turnover to the police of the crack purchased from the defendant. Id. The defendant has not presented authority which requires that any controlled purchase used to support an application for a search warrant be recorded. The Court, in viewing the totality of the circumstances to determine whether probable cause exists to issue a search warrant, may take into consideration the relative strength of the information presented in support of the search warrant application. The fact that a controlled purchase was not recorded, does not prevent the Court from using information relating to the controlled purchase as a factor in determining the existence of probable cause. Here, upon review of the totality of the circumstances, the search warrant application contained sufficient corroboration to make the assertions regarding the unrecorded controlled purchases reliable.

Finally, the information contained in the search warrant application, which described

various aspects of the investigation of Figueras' activities over the preceding three months, was not stale. The information presented a picture of continuing conduct on the part of Figueras. "In determining whether probable cause exists, the magistrate is required to assess whether the information adduced in the application appears to be current, i.e., true at the time of the application, or whether instead it has become stale." Rivera v. United States, 928 F.2d 592, 602 (2d Cir.1991). "The doctrine of staleness applies when information proffered in support of a warrant application is so old that it casts doubt on whether the fruits or evidence of a crime will still be found at a particular location." United States v. Lamb, 945 F.Supp. 441, 459 (N.D.N.Y.1996). The mere lapse of a substantial amount of time, however, does not necessitate a finding of staleness. "The information offered in support of the application for a search warrant is not stale 'if there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises.' " United States v. Lacy, 119 F.3d 742, 745-46 (9th Cir.1997) (quoting United States v. Gann, 732 F.2d 714, 722 (9th Cir.1984)), cert. denied, 523 U.S. 1101 (1998). "Moreover, '[n]arcotics conspiracies are the very paradigm of the continuing enterprises for which courts have relaxed the temporal requirements of non-staleness.' " United States v. Rowell, 903 F.2d 899, 903 (2d Cir.1990) citing United States v. Feola, 651 F.Supp. 1068, 1090 (S.D.N.Y.1987), aff'd, 875 F.2d 857 (2d Cir.), cert. denied, 493 U.S. 834 (1989)). In Rowell, the court held that information as old as 18 months need not be suppressed on the basis of staleness, particularly with regard to the investigation of a narcotics conspiracy. Rowell, 903 F.2d. at 903. Here, the passage of a few weeks from the last alleged controlled purchases (February 17, 2009) and the warrant application (March 11, 2009) does not necessitate a finding that the information upon which the search warrant application was based

5

would fail to produce evidence of a crime at the Third Street location.  The warrant application, including the incorporated supporting affidavit, sought to search various residences, including the Third Street residence at issue, "for evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1), 844 and 846." The search warrant provided for the search of the premises for evidence of a crime; contraband, fruits of a crime or other items illegally possessed, designed or intended for use in committing a crime in relation "to a violation of 21 U.S.C. §841(a)(1)."  The defendant has failed to articulate a basis to find that the search warrant was overly broad.

**Conclusion**

Based on the above, it is recommended that the motion to suppress evidence be denied. Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED**

**HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 11, 2009