UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

09CR103S

v.

**Decision
&
Order**

Joshua Figueras,

Defendant.

Before the Court is the defendant's omnibus motion seeking various forms of pretrial relief (Docket No. 11).[1]

**Background**

On March 26, 2009, the Grand Jury for the Western District of New York indicted the defendant, Joshua Figueras ("Figueras") asserting that on various occasions he possessed cocaine with the intent to distribute [Counts 4-5] and distributed cocaine [Counts 1-3] in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), 841(a)(1)(B), 841(b)(1)(C), and 844(a). The indictment also charges that Figueras illegally possessed a firearm in furtherance of the alleged drug trafficking in violation of 18 U.S.C. §924(c) [Count 6], and that he illegally possessed various firearms and

---

[1] The defendant's motion to suppress evidence is the subject of a separate Report & Recommendation.

ammunition in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2) [Count 7]. Finally, the indictment includes a forfeiture charge relating to the firearms and ammunition [Count 8].

**Discovery**

The defendant has set forth a variety of items sought by way of pretrial discovery in this matter. It appears that the government has provided much of the discovery sought by the defendant. During oral argument, the defendant stated that the government had not yet produced copies of transcripts of recorded conversations involving the defendant. The defendant stated that he did not believe that the government was refusing to produce the transcripts, but that the government had not yet obtained the transcripts. The government represented that it would check on whether the transcripts were yet available, and if so, they would be produced. The government offered to allow counsel for the defendant to listen to the recordings at the offices of the United States Attorney. The government is directed to provide the transcripts to the defendant as soon as they are available.

**Brady and Jencks Material**

The defendant also seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all

records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and the Jencks Act and has represented that other than information relating to the confidential cooperating individual who made controlled purchases from the defendant, it is unaware of any exculpatory evidence in its possession. The government contends that disclosure of any information relating to this individual prior to trial would "create a threat to the individual and [compromise] the ability of the investigating agencies to use this person in ongoing investigations. The government states that it will produce impeachment information regarding this individual in accordance with the scheduling order set be the District Court prior to trial in this case. (Docket No. 12 at page 6-7).

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez,

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

    The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

    This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined

Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient.

**Rule 404, 608 and 609 Evidence**

The defendant requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The defendant also requests disclosure pursuant to Federal Rules of Evidence 608 and 609 of all evidence of prior bad acts that the government intends to use for impeachment purposes should they testify at trial.

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The government represents that it is not aware of any evidence it may seek to introduce pursuant to Rule 404(b). (Docket No. 12 at page 5). To the extent that the government becomes aware of and intends to use any such prior bad act in its case

5

in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendant's requests under Rules 608 and 609, the only notice requirement imposed by either applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement.  The government has no obligation to provide the defendants with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

## Rule 12 Notice

Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, the defendant has requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. The government's response to the instant motion provides notice pursuant to Rule 12 (Docket No. 12 at page 4). The defendant has not asserted that this notice is inadequate.

**Preservation of Evidence**

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve all items of evidence.

**Search of Personnel Files**

The defendant seeks to require the government to search the personnel files of any government agent or police witness involved in this case to determine the existence of any exculpatory or impeachment material. The government represents that it will conduct such a review with respect to any testifying government agent in this matter.

**Audibility**

During oral argument, the defendant stated that he would reserve the right to seek an audibility hearing regarding tape recordings the government intends to use at trial. If after having an opportunity to listen to any such recordings, defense counsel believes an audibility hearing is warranted, counsel is directed to notify the court so that such a hearing can be scheduled.

**Severance**

The defendant seeks severance of counts, alleging that the drug and gun charges are separate and require separate trials. Such motions are more appropriately heard and determined by the trial court, which is in the best position to rule on the issues presented. See <u>United States v. Hennings</u>, 1997 WL 714250 (W.D.N.Y. 1997); <u>United States v. Vona</u>, 842 F.Supp. 1534

(W.D.N.Y. 1994).

The omnibus motion is granted in part and denied in part, consistent with the above.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 11, 2009