UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. **DECISION AND ORDER**
09-CR-103S

JOSHUA FIGUERAS,

                Defendant.

1. Presently before this Court is that part of Defendant Joshua Figueras's Omnibus motion seeking severance under Rule 14(a) of the Federal Rules of Criminal Procedure. Figueras requests that Counts One through Three of the Indictment be severed from Counts Four through Seven.

2. Figueras is charged in a seven-count indictment (plus forfeiture) with violating controlled substances laws. Counts One and Two charge Figueras with possessing cocaine base with intent to distribute and with distributing cocaine base on two separate dates in November 2008. The two sales at issue allegedly involved .26 and .28 grams of crack cocaine. Count Three charges Figueras with possessing more than five grams of cocaine base with intent to distribute and with distributing cocaine base during a sale of 5.2 grams of crack cocaine in February 2009.

3. Count Four charges Figueras with possessing more than 50 grams of cocaine base with intent to distribute; Count Five charges Figueras with possession of more than five grams of cocaine base; and Counts Six and Seven charge Figueras with possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm in commerce by a convicted felon. Counts Four through Seven are based on the results of a search warrant executed on Figueras's apartment in March 2009, during which 437.4

grams of crack cocaine, a Marlin .22 caliber rifle, and approximately 101 rounds of various types of ammunition were seized.

4. Rule 14(a) of the Federal Rules of Criminal Procedure authorizes a court to order separate trials of counts if joinder of the counts appears to prejudice a defendant or the Government. FED. R. CRIM. P. 14 (a); United States v. Amato, 15 F.3d 230, 237 (2d. Cir. 1994). The question of whether to grant relief under Rule 14 lies within the discretion of the trial court, and "the sound exercise of that discretion is virtually unreviewable." United States v. Arocena, 778 F.2d 943, 949 (2d Cir. 1985). Ultimately, a defendant who seeks separate trials under Rule 14 carries a heavy burden to establish "prejudice so substantial as to amount to a miscarriage of justice." United States v. Friedman, 854 F.2d 535, 563 (2d Cir. 1980); see also United States v. Sampson, 385 F.3d 183, 190 (2d Cir. 2004).

5. Here, Figueras argues that severance of Counts One through Three is required because, in his view, "the sale counts [Counts One through Three] have absolutely nothing to do with the possession and gun charges [Counts Four through Seven]." (Docket No. 11, p. 23.) Moreover, he maintains that he "may testify about certain charges and not others." (Id.) The government opposes the motion on the grounds that the seven counts, all of which involve crack cocaine, are of the same or similar character and form a common scheme or plan, such that the counts are properly joined under Rule 8. Further, the government argues that Figueras's generic claim that he may testify is too nondescript to warrant severance.

6. Having considered the motion and the parties' arguments, this Court finds that Figueras has failed to demonstrate sufficient substantial prejudice, such that

severance of the counts is warranted or necessary. The counts in the Indictment all relate to Figueras's alleged drug activity, particularly relating to his alleged possession and distribution of crack cocaine. The counts are therefore properly joined and Figueras has pointed to no undue prejudice from this joinder. His bald assertion that the counts have nothing to do with each other is entirely subjective, and in any event, not a demonstration of prejudice. Moreover, the mere possibility that Figueras *may* choose to testify is insufficient to warrant severance at this stage. See United States v. Werner, 620 F.2d 922, 930 (2d Cir. 1980) (citing cases) (assertion of a desire to testify is insufficient to require severance).

7. Accordingly, for the reasons stated above, Figueras's request for severance is denied.

IT HEREBY IS ORDERED, that the portion of Defendant Figueras's Omnibus Motion seeking severance (Docket No. 11) is DENIED.

SO ORDERED.

Dated: December 31, 2009
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge